IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JOAN WHITNEY,
                Plaintiff,                CASE NO: _____

vs.

NRA GROUP, LLC (a foreign limited
liability company) d/b/a
NATIONAL RECOVERY AGENCY, INC.,
(a foreign corporation), and
JANE DOE a/k/a TIFFANY,
                Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JOAN WHITNEY, by and through the undersigned counsel, sues the Defendants NRA GROUP, LLC (a foreign limited liability company) d/b/a NATIONAL RECOVERY AGENCY, INC. (a foreign corporation) and JANE DOE a/k/a TIFFANY and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds Five Thousand Dollars ($5,000.00) but does not exceed Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2. This action results from the unlawful debt collection practices engaged in by Defendants in violation of the Fair Debt Collection Practices Act, 15 USC § 1692 et seq ("FDCPA"), and Florida Consumer Collection Practices Act, Fla. Stat. § 559.77 et seq. ("FCCPA").

3. This Court has jurisdiction over State law claims pursuant to Fla. Stat. § 559.77(1) and jurisdiction over Federal law claims pursuant to 15 USC § 1692k (d) (1).

4. The Plaintiff, JOAN WHITNEY, at all times pertinent to this complaint, resided in the State of Florida, and the alleged violations occurred in the State of Florida.

5. Defendant, NRA GROUP, LLC is a foreign limited liability company d/b/a NATIONAL RECOVERY AGENCY, INC., (hereafter referred to as "NRA") ("the debt collector") authorized to do business in the State of Florida with its principal place of business at Harrisburg, Pennsylvania.

6. Defendant, NRA, regularly transacts business in Hillsborough County, Florida and at other locations throughout the State of Florida, and in its attempts to collect debts, regularly employs individuals to assist in the collection of debts.

7. Defendant, NRA, employs at least one individual, or has at least one agent, representative or contractor who regularly uses the name TIFFANY in the collection of debts for NRA.

8. Defendant, JANE DOE a/k/a TIFFANY, resides outside of the state of Florida, is an agent and/or employee of Defendant NRA, is regularly engaged in the business of collecting debts, and transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6) and 15 USC § 1692a(6).

9. Plaintiff alleges that at all times herein mentioned, Defendant JANE DOE a/k/a TIFFANY, was, and is now, the agent, servant, employee, and/or other representative of the Defendant NRA and, in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of the Defendant NRA. Any reference hereinafter to "Defendant" or "Debt collector", without further qualification is meant to refer to each and all Defendants herein jointly and severally.

10. The Defendant regularly uses the United States Mail and or instrumentalities of interstate commerce in a business, the principal purpose of which is the collection of debts; or regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in Florida Statute § 559.55(6) and 15 USC § 1692a(6).

## FACTS COMMON TO ALL COUNTS

11. Beginning on or before February 2010, the Plaintiff was subject to consumer debt collection activity by the Defendant that occurred within two years prior to the filing of this action.

12. Defendant NRA is the corporate entity responsible for attempting to collect a consumer debt from Plaintiff and/or Plaintiff's family within the past two years.

13. Defendant NRA consents to and has knowledge and control of the collection activities of their representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the collection of an alleged debt allegedly owed by Plaintiff.

14. Plaintiff has no outstanding debts with Defendant and/or has otherwise never done business with Defendant.

15. Beginning on or about February 2010, and continuing to March 2010, Defendant placed numerous telephone calls to the Plaintiff.

16. Beginning on or about February 2010, and continuing to March 2010, there were several occasions wherein Defendant placed multiple calls to Plaintiff's telephone in a single day.

17. Beginning on or about February 2010, and continuing to March 2010, Defendant contacted Plaintiff multiple and repeated times by telephone, in an attempt to collect an alleged past due debt.

18. Beginning on or about February 2010, and continuing to March 2010, Plaintiff informed Defendant on multiple occasions that Plaintiff did not owe the alleged debt.

19. Beginning on or about February 2010, and continuing to March 2010, Plaintiff requested on multiple occasions and that Defendant place no more telephone calls to Plaintiff.

20. On February 19, 2010 at 11:14 am, Defendant, in an attempt to collect a debt, placed a telephone call to Plaintiff.

21. During the February 19, 2010 telephone call, Defendant, in an attempt to collect a debt, demanded that Plaintiff pay $35.00 for books that Plaintiff allegedly ordered.

22. During the February 19, 2010 telephone call, Plaintiff informed Defendant that Plaintiff did not owe the alleged debt.

23. On March 1, 2010, Defendant, in an attempt to collect an alleged past due debt, placed two (2) telephone calls to Plaintiff. Specifically, 9:26 am and 9:32 am.

24. During the March 1, 2010 telephone calls, Defendant, in an attempt to collect a debt, demanded payment of an alleged debt.

25. On March 3, 2010, Defendant, in an attempt to collect an alleged past due debt, placed two (2) telephone calls to Plaintiff. Specifically, 8:45 am and 8:46 am.

26. During the March 3, 2010 telephone calls, Defendant, in an attempt to collect a debt, demanded payment of an alleged debt.

27. On March 4, 2010 at 1:00 pm, Defendant, in an attempt to collect a debt, placed a telephone call to Plaintiff and demanded payment of an alleged debt.

28. On March 5, 2010 at 8:39 am, Defendant, in an attempt to collect a debt, placed a telephone call to Plaintiff and demanded payment of an alleged debt.

29. On March 8, 2010, Defendant, in an attempt to collect an alleged past due debt, placed two (2) telephone calls to Plaintiff. Specifically, 9:00 am and 9:05 am.

30. During the March 8, 2010 telephone calls, Defendant, in an attempt to collect a debt, demanded payment of an alleged debt.

31. During one of the March 8, 2010 telephone calls, Plaintiff denied owing the alleged debt.

32. During one of the March 8, 2010 telephone calls, Plaintiff requested that Defendant cease placing telephone calls to Plaintiff.

33. During one of the March 8, 2010 telephone calls, Defendant informed Plaintiff that "calls will not stop until the debt is paid".

34. During one of the March 8, 2010 telephone calls, Defendant informed Plaintiff that "the debt was reported to the credit bureau".

35. On March 17, 2010, Defendant, JANE DOE a/k/a TIFFANY, in an attempt to collect an alleged past due debt, placed two (2) telephone calls to Plaintiff. Specifically, 3:10 pm and 3:12 pm.

36. During the March 17, 2010 telephone calls, Defendant, JANE DOE a/k/a TIFFANY, in an attempt to collect a debt, demanded payment of an alleged debt.

37. During one of the March 17, 2010 telephone calls, Plaintiff denied owing the alleged debt.

38. During one of the March 17, 2010 telephone calls, Plaintiff requested that Defendant cease placing telephone calls to Plaintiff.

39. During one of the March 17, 2010 telephone calls, Defendant, JANE DOE a/k/a TIFFANY, informed Plaintiff that "calls will not stop until the debt is paid".

40. During one of the March 17, 2010 telephone calls, Defendant, JANE DOE a/k/a TIFFANY, informed Plaintiff that Defendant required Plaintiff's "written" request to Defendant to cease placing telephone calls to Plaintiff.

41. Plaintiff has no outstanding debts with Defendant and/or has otherwise never done business with Defendant.

42. Plaintiff's damages pursuant to Florida Statutes §559.77 *et seq.* have continued and are continuing as of the service of this complaint.

43. Plaintiff's damages pursuant to 15 U.S.C. 1692 *et seq.* have continued and are continuing as of the service of this complaint.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act)

44. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 43 above as if fully set forth herein.

45. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72 *et seq.*

46. Defendant violated Florida Statute § 559.72 (3) by telling the Plaintiff that Defendant would disclose information affecting the Plaintiff's reputation for credit worthiness to another, without also informing the debtor that the existence of the dispute will also be disclosed.

47. Defendant violated Florida Statute § 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

48. Defendant violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the Plaintiff.

49. Defendant violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the Plaintiff.

50. Defendant violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

51. Defendant violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to abuse the Plaintiff.

52. Defendant violated Florida Statute § 559.72(9) by claiming, attempting, threatening and/or asserting the existence of a legal right that does not exist.

53. Defendant's collection harassment in this case is reasonably believed to be a system wide procedure and has damaged an unknown amount of individuals.

54. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as defined by Florida Statute § 559.77.

55. Plaintiff is entitled to actual damages and punitive damages sustained as a result of Defendant's failure to comply with the provisions of Florida Statute 559 *et seq.* pursuant to Florida Statute 559.77.

56. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, punitive damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

## COUNT II
### (Violation of the Fair Debt Collection Practices Act)

57. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 43 above as if fully set forth herein.

58. At all times relevant to this action Defendant is subject to and must abide by the laws of the United States of America, including 15 USC § 1692 *et seq.*

59. Defendant violated 15 USC §§ 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

60. Defendant violated 15 USC § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt.

61. Defendant violated 15 USC §§ 1692e(10) by using false representations and/or deceptive means to attempt to collect a debt.

62. Defendant violated 15 USC § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

63. Defendant violated 15 USC § 1692c (c) by communicating with the Plaintiff after being notified in writing that the Plaintiff wished the Defendants to cease further communication.

64. Defendant violated 15 USC §§ 1692c by calling the telephone of Plaintiff after being put on notice that such telephone calls were inconvenient to the Plaintiff.

65. Defendant violated 15 USC §§ 1692c (a) (1) by communicating with the Plaintiff at a time or place which should be known to be inconvenient to the Plaintiff.

66. Defendant's collection harassment in this case is reasonably believed to be system wide procedure and has damaged an unknown amount of individuals.

67. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as defined by 15 U.S.C. 1692 *et seq.*

68. Plaintiff is entitled to actual damages and statutory damages sustained as a result of Defendant's failure to comply with the provisions of 15 U.S.C. 1692 *et seq.*

69. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

THE CONSUMER RIGHTS LAW GROUP

James S. Giardina, Esq.
FBN: 0942421
3802 W Bay to Bay Blvd., Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
Attorneys for Plaintiff